(Reap. Dec. 10304)

INNOCENTI CORPORATION *v.* UNITED STATES

Entry No. 5201.

(Decided July 24, 1962)

*Siegel, Mandell & Davidson* (*Joshua M. Davidson* of counsel) for the plaintiff.
*Joseph D. Guilfoyle*, Acting Assistant Attorney General (*Samuel D. Spector*, trial attorney), for the defendant.

DONLON, Judge: By writing, filed of record on March 16, 1962, counsel for the parties stipulated as follows:

IT IS STIPULATED AND AGREED by and between the respective parties hereto, subject to the approval of the Court, as follows:

That the merchandise covered by the appeal for reappraisement noted above consists of motorscooters, plus extra parts, exported from Italy during 1959.

That at the time of export such or similar merchandise was not freely offered for sale to all purchasers in the principal markets of Italy for home consumption or for export to the United States nor was it freely offered for sale to all purchasers in the principal market of the United States for domestic consumption.

That "cost of production" as defined in Section 402a(f) of the Tariff Act of 1930 for such merchandise at the time immediately preceding the date of exportation was as follows:

For Model 125/LI—Lira 108,010,00, plus extras, as invoiced, packed.

IT IS FURTHER STIPULATED AND AGREED that the appeal for reappraisement may be deemed submitted for decision on this stipulation.

The statements required by rule 15 were not filed by counsel on either side. Order of submission on the above stipulation was, therefore, reserved, pending statement of counsel as to the basis of appraise-

ment and facts relevant to the four elements to be considered in determination of statutory cost of production under section 402a(f) of the Tariff Act of 1930, as amended.

On call of this case at the term of court in New Orleans on May 1, 1962, counsel for defendant appeared and stated as follows:

MR. SPECTOR: On the stipulation that was presented to the court, the issue between government and the importer was on an item of general expenses and the cost of production.

The general expenses used by the government were those of scooters sold in the home market which were not such as those sold for export, and those general expenses figured therein were 21,450 Lira. The corrected general expenses for the scooters sold for export to the United States should have been—and was formally agreed to at this time to be—8,250 Lira. The profit then predicated on the cost of materials, fabrication, and general expenses, and stated at 8%, was calculated to be 7,260 Lira, making a total cost of production of 98,010 Lira, and to which has to be added the sum of 10,000 Lira for the cost of packing, making a total cost of production of 108,010 Lira, which amount is stipulated. [R. 4.]

On June 21, 1962, notice was filed by plaintiff's counsel that, having "examined the record of the proceeding in this matter on May 1, 1962 at New Orleans [plaintiff], hereby joins with Government Counsel in the statement of agreed appraisement made of record in open Court and stipulates thereto."

Upon this entire record, the case is submitted.

Accepting these stipulations as an agreed statement of facts, I find and hold that cost of production, as defined in section 402a(f) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, T.D. 54165, is the proper basis for valuation of these motor-scooters, model 125/LI, plus extra parts, and that such cost of production value is lira 108,010,00, plus extras, as invoiced, packed.

Judgment will be entered accordingly.